# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RONNY THEODORE GARCIA, SR.,

      Petitioner,

v.                                                                               Civil No. 00-1288 MV/WWD

IRMA LUCERO, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed December 12, 2000 **[docket # 14]**.  Petitioner, who is incarcerated, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and is proceeding *pro se* and *in forma pauperis*.  Petitioner ("Garcia') is confined pursuant to the judgment, sentence and commitment of the Eleventh Judicial District Court, County of San Juan, for the crimes of aggravated battery and false imprisonment.

    2.  Garcia received a sentenced which was enhanced based on the state's habitual offender statute and also on aggravating factors, such as the brutality of the underlying crime, Petitioner's drug and alcohol addiction, and his history of aggressive personality which was also directed towards the Court and the Prosecuting Attorney during a state hearing.  Ans., Ex. A at 2 (Judgment & Sent.)

    3.  Petitioner has previously filed a federal habeas petition in this Court, which was found

to be a mixed petition. The case was dismissed without prejudice in order to give Petitioner an opportunity to exhaust. The proposed findings, which were adopted by the district judge, also afforded Petitioner the option to proceed on the exhausted claims and advised Petitioner that the statute of limitations still apply should he choose to exhaust claims in state court. See Civ. No. 99-814 MV/WWD (Prop. Findings, at 3 n.3).

4. Since that dismissal, Petitioner has presented his claims to the state court, and now is before this Court with a second federal petition, filed on October 30, 2000.

5. Respondent seeks dismissal of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that the petition is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The new limitation in AEDPA also provides for tolling of the one-year period while post-conviction or collateral review is pending. § 2244(d)(2).

6. The state court of appeals entered an opinion denying Garcia's claims on August 26, 1998. Garcia had twenty days in which to seek certiorari in the state supreme court from his direct appeal, but did not do so. Rule 12-502(B), NMRA 2000. Petitioner's conviction thus became final on September 15, 1998, or twenty days from the state court of appeals' decision.[1]

---

[1] Because Garcia did not appeal to the "state court of last resort," he cannot include the 90-day period during which he might have filed a writ of certiorari with the U.S. Supreme Court in the tolling calculus for determining when the conviction became final. See Fitts v. Williams, No.

The one-year limitations period ended on September 15, 1999, before including any tolling periods.

7. Petitioner filed his state habeas petition on March 6, 2000, which was denied on August 17, 2000.  <u>Ans., Exs. DD, EE</u>.  The state supreme court denied his petition for writ of certiorari on August 17, 2000.  <u>Ex. GG</u>.  Tolling the limitations period for 164 days (March 6, 2000 to August 17, 2000), the federal petition would have had to be filed by February 26, 2000, making his present petition untimely by over eight months.

8.   The limitations period is not tolled by the 216 days Garcia's federal petition was pending in this Court.  <u>See</u> <u>Pedraza v. Okla.</u>, (No.98-7127, 1999 WL 644814 (10th Cir.)) (because a federal habeas petition is "neither an application for state post-conviction review nor an application for other state collateral review," it does not toll the limitation period) (citing <u>Rhine v. Boone</u>, 182 F.3d 1153 (10th Cir. 1999)).

9.  However, even extending the deadline by tolling the period of time the first federal petition was pending in federal court, Garcia's present petition would still be untimely.   Adding the time his state petitions were pending (164 days) and federal petitions were pending (216 days), the limitations period would be tolled by 380 days, making the new deadline for the present petition September 30, 2000 (adding 380 days to September 15, 1999).  The petition is therefore 31 days late.

10. Petitioner has not presented, nor do I find that any of the equitable tolling provisions of § 2242(d)(2) are implicated.

---

00-2175, 2000 WL 1480494 (10th Cir. 2000 NM) (basing holding on Rule 13(1), Rules of the Supreme Court of the United States).

**Recommendation**

I recommend that Respondents' Motion to Dismiss **[docket # 14]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus be DENIED and that this cause be DISMISSED WITH PREJUDICE on the finding that it is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE